

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00266-CV

———————————————

TATIANA LEWIS, Appellant

V.

PALLADIUM EAST BERRY LTD., Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-004155-1

---

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Tatiana Lewis's notice of appeal from the justice court's eviction decision was forwarded to this court.[1]  After reviewing the notice of appeal, we sent Appellant a letter on June 12, 2025, noting our concern that we may not have jurisdiction over this appeal because the trial-court clerk had informed this court that the trial judge has not signed an order in this case and that it appears there is no final judgment or order subject to appeal.  *See* Tex. R. App. P. 26.1 (providing for filing of notice of appeal from date that judgment or order is "signed").  In the letter, we informed Appellant that she had until July 2, 2025, to furnish this court with a signed copy of the order that she seeks to appeal.  We also advised Appellant that if no order had been signed and furnished to this court by July 2, 2025, this appeal would be dismissed for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f), 44.3.  We received no response.

Because we have no jurisdiction to address Appellant's appeal, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 26.1, 42.3(a), 43.2(f); *see also Queen'Prinyah Godiah NMIAA Payne's El-Bey v. Doubletree Apartments*, No. 10-22-00365-

---

[1]It appears that the county court may have sent Appellant's notice of appeal to us in error.  The notice of appeal states that Appellant "desires to appeal the case for a trial de novo" to the county court.  *See Williams v. Orca Realty, LLC*, No. 01-23-00854-CV, 2024 WL 4776215, at *2 (Tex. App.—Houston [1st Dist.] Nov. 14, 2024, no pet.) (mem. op.) (stating that appeals from a justice court's judgment in a forcible-detainer action are tried de novo in the county court); *see generally* Tex. R. Civ. P. 510.10(c).  Although Appellant's appeal to the county court was perfected when she filed her affidavit of inability to pay, she also filed a notice of appeal, which the county court forwarded to this court.  *See generally* Tex. R. Civ. P. 510.9(a), (f).

CV, 2022 WL 17834261, at *1 (Tex. App.—Waco Dec. 21, 2022, no pet.) (mem. op.) (dismissing appeal because court of appeals had no jurisdiction over an appeal from the justice court's judgment).

Per Curiam

Delivered:  July 24, 2025

3